IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal Action No. 5:19-cr-00025-001 |
| v. | ) | |
| | ) | By:  Elizabeth K. Dillon |
| CRAIG ALLEN KIDWELL | ) | United States District Judge |

## MEMORANDUM OPINION

Before the court is defendant Craig Allen Kidwell's pro se motion to vacate his sentence pursuant to 28 U.S.C. § 2255.  (Dkt. No. 340.)  The government has responded to Kidwell's motion (Dkt. No. 352), and Kidwell did not file a reply in support of his motion.[1]  For the reasons stated below, the court finds that a hearing is not necessary to resolve Kidwell's motion, which will be denied.

## I.  BACKGROUND

In a multi-defendant indictment, defendant Craig Kidwell was charged with knowingly and intentionally possessing with the intent to distribute a mixture and substance containing detectable amounts of heroin, acetyl fentanyl, and fentanyl, the use of which resulted in the death of J.H. and the serious bodily injury of J.W., in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C).  Defendant's wife, Norma Kidwell, was charged in the same indictment. Defendant was also charged with conspiracy to possess with intent to distribute under 21 U.S.C. § 846.  A superseding indictment charged Craig and Norma Kidwell with the same two offenses. (Dkt. No. 157.)

---

[1] Before the government responded, Kidwell and his mother both filed letters in support of his motion. (Dkt. Nos. 343, 344.)  However, these letters are not relevant to the claim asserted in Kidwell's § 2255 motion. Instead, the letters advance grounds more suited to a motion for compassionate release pursuant to 18 U.S.C. § 3582(c).  The court expresses no opinion on the arguments presented by these letters, and the denial of Kidwell's § 2255 motion is without prejudice to him filing a motion for compassionate release.

On August 25, 2020, Kidwell pleaded guilty to counts one and two of the superseding indictment.  (*See* Dkt. Nos. 193 (entry of plea), 196 (factual basis), 200 (plea agreement).)  At his plea hearing, Kidwell admitted under oath to committing the charged offenses set forth in the statement of facts.  Kidwell admitted to the following:

> From at least as early as June 2017 and continuing into December 2017, Craig Kidwell and Norma Kidwell, in cooperation with each other and others, regularly traveled to Maryland and obtained drugs. They purchased drugs for their own use and for delivery to [James] Lichliter in the Western District of Virginia.  Norma Kidwell and Craig Kidwell conspired with each other and others to distribute and possess with intent to distribute 100 grams or more of a mixture and substance containing a detectable amount of heroin, acetylfentanyl, and fentanyl.

(Dkt. No. 199 at 2.)  The statement of facts further details that Lichliter distributed the controlled substances to Stacey Marston, who distributed them to Jonathan Neice, who distributed them to victim J.H., who distributed them to victim J.W.  Kidwell signed the statement of facts and acknowledged that the facts were true and correct.  In his signed plea agreement, Kidwell affirmed as follows:

> I have consulted with my attorney and fully understand all my rights. I have read this plea agreement and carefully reviewed every part of it with my attorney.  I understand this agreement and I voluntarily agree to it.  I have not been coerced, threatened, or promised anything other than the terms of this plea agreement, described above, in exchange for my plea of guilty.  Being aware of all the possible consequences of my plea, I have independently decided to enter this plea of my own free will and am affirming that agreement on this date by my signature below.

(Dkt. No. 200 at 13.)

On February 8, 2021, after granting a motion for downward departure due to substantial assistance, the court sentenced Kidwell to 100 months of incarceration followed by five years of supervised release.  Kidwell did not appeal.

Kidwell filed this motion on February 7, 2022.  The nature of Kidwell's claim or claims for relief is unclear.  He asserts that he was "advised to plea to all charges or receive 20 years to life in prison due to the mandatory minimum sentences of the charges."  (Dkt. No. 340 at 1.) Based on this assertion, the court liberally construes Kidwell's § 2255 motion as alleging that he received ineffective assistance of counsel.

## II.  ANALYSIS

### A.  Section 2255

Under 28 U.S.C. § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack.  *Id.* § 2255(a). The movant bears the burden of proving grounds for collateral relief by a preponderance of the evidence.  *See United States v. Cook*, Criminal No. 1:11-cr-188, 2019 WL 921448, at *1 (E.D. Va. Feb. 25, 2019) (citing *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)).  In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto."  § 2255(b).  An evidentiary hearing is required when a movant presents a colorable Sixth Amendment claim showing disputed facts beyond the record or when a credibility determination is necessary to resolve the issue.  *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000).  The record in this case conclusively establishes that Kidwell is not entitled to relief, so the court may address the motion without an evidentiary hearing.

3

**B.  Ineffective Assistance of Counsel**

A viable ineffective assistance of counsel claim arises when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Strickland v. Washington*, 466 U.S. 668, 686 (1984).  First, counsel's performance must have been deficient, which means that the errors were so serious that he or she was not actually functioning as "counsel" as guaranteed by the Sixth Amendment. *Id.*  The level of performance is required to be "below an objective standard of reasonableness" under the prevailing norms of the legal community.  *Id.* at 688.  Second, the deficient performance must have prejudiced the defense.  *Id.* at 687.  In other words, counsel's errors must have been so serious that the defendant was deprived of a fair trial with a reliable result.  *Id.*  To demonstrate prejudice, there must be a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  *Id.* at 694. Because defendant entered a guilty plea, he must show that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial."  *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988).

Kidwell implies that his attorney was ineffective by advising him to plead guilty because of the 20-year mandatory minimum sentence for his charges.  In fact, however, this was sound legal advice, as Kidwell was unlikely to prevail at trial given the strength of the evidence against him.  Absent his guilty plea, Kidwell also would not have benefitted from the government's motion for downward departure due to his substantial assistance, which allowed the court to impose a sentence well below the 20-year mandatory minimum.  Furthermore, Kidwell claims that "the charges [against him] were embel[l]ished and unfair."  (Dkt. No. 340 at 4.)  However, in his plea agreement, Kidwell pleaded guilty to both charges of the superseding indictment and

4

indicated that he reviewed the agreement in its entirety with counsel, understood his rights, and was in no way coerced or threatened into signing it.  (Dkt. No. 200 at 1–2, 13.)  Lastly, both in his plea agreement and at his sentencing hearing, Kidwell affirmed his satisfaction with his legal counsel.  (Dkt. No. 200 at 11–12; Dkt. No. 297 at 8.)  Kidwell has not presented clear and convincing evidence to the contrary.  Therefore, the advice of Kidwell's counsel was in no way deficient.

Kidwell's ineffective assistance claim will be dismissed without a hearing.

## C.  Certificate of Appealability

When issuing a final order adverse to the § 2255 movant, the court must issue or deny a certificate of appealability.  *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).

The court declines to issue a certificate of appealability because Kidwell has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his claims debatable or wrong.

III.  CONCLUSION

For these reasons, the court will deny Kidwell's § 2255 motion and decline to issue a certificate of appealability.  The court will issue an appropriate order.

Entered: August 14, 2023.


*/s/ Elizabeth K. Dillon*
Elizabeth K. Dillon
United States District Judge